IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ROY FISHER,

            Plaintiff,

v.                                          Civil Action: 5:04CV137

BALTIMORE LIFE INSURANCE CO. and
DISABILITY REINSURANCE MANAGEMENT
SERVICES, INC.,

            Defendants.


**MEMORANDUM OPINION and ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL and GRANTING DEFENDANTS' MOTION TO DETERMINE THE SUFFICIENCY OF THE PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' REQUEST FOR ADMISSIONS**

On February 17, 2006  came the above named Plaintiff, by Greg Gellner and Jeff Holmstrand, in person, and the above named Defendants, by John C. Palmer, in person, for Defendants' Motion to Compel and Defendants' Motion to Determine the Sufficiency of the Plaintiff's Answers and Objections to Defendants' Request for Admission.  Testimony was not taken, and no other evidence was introduced.

I. Introduction

A.      Background.

The parties engaged in discovery and a dispute arose.  Defendants filed a Motion to Compel and Defendants' Motion to Determine the Sufficiency of the Plaintiff's Answers and Objections to Defendants' Request for Admission on February 17, 2006.  The matter was referred to me by the Honorable Frederick P. Stamp, Jr., on February 21, 2006.  A hearing on the Motion to Compel was held on March 3, 2006.

B.      The Motion.

        Defendants' Motion to Compel.[1]

        Defendants' Motion to Determine the Sufficiency of the Plaintiff's Answers and
        Objections to Defendants' Request for Admission.[2]

C.      Decision.

        1.      The Motion to Compel is GRANTED in part and DENIED in part as

                hereinafter set forth; and

        2.      The Motion to Determine the Sufficiency of the Plaintiff's Answers and

                Objections to Defendants' Request for Admission is GRANTED as

                hereinafter set forth.

## II. Facts

1.      On November 23, 2005, Defendants served their Interrogatories and Request for

        Production upon Plaintiff.

2.      On December 15, 2005, the parties entered a Stipulation, which extended Plaintiff's time

        to respond to January 10, 2006.

3.      On January 9, 2006, Plaintiff served Plaintiff's Answers to Defendants' First Set of

        Interrogatories to Plaintiff and Plaintiff's Answers (sic) to Defendants' First Request for

        Production of Documents.

4.      On February 2, 2006, Defendants sent Plaintiff as letter, via electronic mail and U.S.

        Mail, identifying various deficiencies with Plaintiff's responses.

5.      On February 16, 2006, the "meet and confer" telephone conference took place.

---

[1] Docket No. 47.

[2] Docket No. 48.

6.      The parties stipulated that the time in which Defendants would have to file their motion to compel was enlarged to and including February 17, 2006.

7.      Following their "meet and confer" telephone conference, the parties exchanged letters confirming and summarizing their agreement.

8.      On February 16, 2006, Defendants sent an email to Plaintiff maintaining that Plaintiff's objections and responses were improper.

9.      On February 17, 2006, Defendants moved to compel and to determine the sufficiency of Plaintiff's answers and objections to Defendants' request for admissions.[3]

III.  Defendants' Motion to Compel
and
Defendants' Motion to Determine the Sufficiency of the Plaintiff's Answers and Objections to Defendants' Request for Admission.

A.      Contentions of the Parties

Defendants contend that a good faith effort has been made to resolve the discovery dispute without court action and that Plaintiff should be ordered to completely and fully respond to Defendants' discovery requests.  Specifically, Defendants argue that Plaintiff's objections and responses to Interrogatory Nos. 1, 2,3, 5, 6, 7, 8 and 10, Request for Production of Document Nos. 9, 10, 13, 15, 16, 20, 21 and 22, and Request for Admissions Nos. 1, 2, 3, 4, 5, and 6 are improper.

Plaintiff contends that his responses were complete and his objections were proper.

B.      Timeliness.

A moving party has 30 days after the discovery response to file a Motion to Compel.  L.R. Civ. P. 37.02(a)(3).  The parties stipulated that Defendants had until February 17, 2006 to file their Motion to Compel.  Defendants' Motion to Compel was timely filed.

_____

[3] Docket Nos. 47 and 48.

3

C.    The Standards

1.    Discovery - Scope.  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."  Fed. R. Civ. P. 26(b)(1).

2.    Discovery - Scope.  A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  In addition, "the discovery rules are given 'a broad and liberal treatment.'"  Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)).  However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").

3.    Discovery - Relevancy.  A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial.  The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence.  Fed. R. Civ.

P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").  In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders."  Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996)(citations omitted).

4.      Discovery  - Duty to Supplement.  Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26 (e)(2).

5.      Discovery - Duty to Respond Fully and Completely - No Gamesmanship.  Parties  must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond.  Gamesmanship to evade answering as required is not allowed. Hansel v. Shell Oil Corporation, 169 F.R.D. 303 (E.D. Pa 1996).

6.      Discovery - Objections to Interrogatories.  All objections must be stated with specificity and any objection not raised is waived.  Fed. R. Civ. P. 33(b)(4).  "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection.  Momah, v. Albert Einstein Medical Center, 164 F.R.D. 412, 417, (E.D. Pa. 1996) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

7.      Discovery - Production of Documents.  "Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's

behalf, to inspect and copy, any designated documents...or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).

8.     Discovery - Requests for Production - Objections.  While Rule 34 of the Federal Rules of Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the Federal rules of Civil Procedure, the Advisory Committee notes to Rule 34 states that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." Pulsecard v. Discover Card Services, Inc., 168 F.R.D. 295, 303 (D. Kan. 1996).

9.     Requests for Admission.  "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request....Each matter of which an admission is requested shall be separately set forth...If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder...The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion" Fed. R. Civ. P. 36(a).

10. <u>Requests for Admission - Purpose</u>. "The purpose of Rule 36(a)...is to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial." <u>Workman v. Chinchinian</u>, 807 F. Supp 634, 647 (E.D. Wash. 1992) (citing <u>Asea Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242 (9th Cir. 1981)); <u>see also</u> <u>McSparran v. Hanigan</u>, 225 F. Supp. 628, 636 (E.D. Pa. 1963) (stating that "Rule 36 serves a salutary purpose as one of the means for reducing the area of dispute at the trial."); 8A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2255 (2d ed. 1994) ("an admission on a matter of opinion may facilitate proof or narrow the issues or both...An admission of a matter involving the application of law to fact may...even more clearly narrow the issues.").

11. <u>Requests for Admission - Scope</u>. The use of requests for an admission of fact is permitted under the Federal Rules. Fed. R. Civ. P. 36(a). Also, a party may serve a request for an admission that seeks the application of law to fact, but "[w]hat is improper under Rule 36...is a request to admit a pure matter of law." <u>Abbott v. United States</u>, 177 F.R.D. 92, 93 (S.D.N.Y. 1997); <u>see also</u> <u>Reliance Ins. Co. v. Marathon LeTourneau Co.</u>, 152 F.R.D. 524, 525 n.2 (S.D. W.Va. 1994).

12. <u>Discovery - Motion to Compel</u>. "If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B).

D. <u>Discussion</u>

**1.      Defendants' Motion to Compel.**

Rule 33,  Federal Rules of Civil Procedure, in relevant part,  provides as follows:

> (a) Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26 (b)(2)....
>
> (b) Answers and Objections.
> (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
> (2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.
>
> * * * *
>
> (4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.
>
> Fed. R. Civ. P. 33(a); (b)(1), (2) and (4) (2005).

Rule 34 governs the other discovery requests seeking production of documents.  Rule 34 provides, in relevant part:

> (a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26 (b).
>
> (b) Procedure. The request shall set forth, either by individual item or by

category, the items to be inspected and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in 26(d)....
Fed. R. Civ. P. 34 (a) and (b) (2005).

However, general objections to interrogatories and requests for production of documents are prohibited. Fed. R. Civ P. 33(b)(4) and 34(b).

Accordingly, the Court finds as follows (Defendants' requests are as follows with the responses in italics):

I.     **INTERROGATORY NO. 1:** Please specify the statute and regulations, including the precise sections and subsections thereof, which you contend that either or both defendants violated, as alleged in Count II of your Complaint.

*Objection. Plaintiff objects to this interrogatory on the ground that it is premature. Plaintiff further objects that the interrogatory seeks to inquire into the thought processes of counsel with respect to the defendants' conduct. Subject to and without waiving these objections, plaintiff contends that defendants each violated various provisions of West Virginia § 33-11-4 and the West Virginia Insurance Commissioner regulations promulgated thereunder, and did so with such frequency as to represent a general business practice. As discovery is ongoing, plaintiff reserves the right to supplement this request.*

Counsel for Defendants advised this Court during the evidentiary hearing that Plaintiff submitted his second supplemental discovery response on March 2, 2006 and thus has satisfactorily responded to this discovery request.

Therefore, Defendants' Motion to Compel responses to I 1 is **DENIED AS MOOT**.

II.     **INTERROGATORY NO. 2**: Please indicate all facts which you believe support your contention that either or both defendants violated the statues and regulations indicated in your answer to interrogatory No. 1, including the dates thereof.

*Objection. Plaintiff objects to this interrogatory on the grounds that it is premature and further objects that the interrogatory seeks to inquire into the*

*thought processes of counsel with respect to the defendants' conduct. Subject to and without waiving that objection, plaintiff states that the defendants improperly denied plaintiff's claims for full disability benefits in a manner which violated various provisions of West Virginia Code 33-11-4 and the West Virginia Insurance Commissioner regulations promulgated thereunder, and did so with such frequency as to represent a general business practice. As discovery in ongoing, plaintiff reserves the right to supplement this request.*

Counsel for Defendants advised this Court during the evidentiary hearing that Plaintiff

submitted his second supplemental discovery response on March 2, 2006. Plaintiff's response is

as follows:

*Plaintiff's prior objections and response are fully incorporated. Plaintiff states that he has no personal knowledge of the statute and/or regulations which are or may be applicable to the defendants. Plaintiff is informed and therefore believes that the following is a non-exhaustive list, to be supplemented as appropriate, of the facts which support the contention that the defendants violated the above statutes.*

*Plaintiff purchased a short-term disability policy from defendant Baltimore Life Insurance Company and defendants have produced at least some of the material utilized by Baltimore Life in connection with that policy. He paid his premiums on a monthly basis and the policy was in full force in effect when plaintiff was injured on October 13, 2003.*

*Plaintiff became totally disabled as a result of that October 13, 2003 injury. Plaintiff was totally disabled at the time he made his application for benefits under the Baltimore Life policy. Defendants initially denied that Mr. Fisher was totally disabled at the time of his application for benefits under the Baltimore Life policy. Only after withdrawing their spurious claim that ERISA was applicable to Mr. Fisher's claim did defendants admit these facts.*

*Mr. Fisher made a properly supported claim for disability benefits under the Baltimore Life policy and complied in all respects with the defendants in connection with his claim for benefits. The initial claim worksheet used by defendants falsely stated that the claim was governed by ERISA. It also showed that defendants determined the benefits due to Mr. Fisher, in the event his claim was proper, was $1,000. The claim filed shows that the defendants from the outset considered his disability to be covered by the pre-existing condition exclusion in the Baltimore Life policy and utilized the services of a registered nurse to look at this claim, describing this to Mr. Fisher and others as a "medical review." The documents produced by DRMS documented the handling of Mr. Fisher's claim, the dates upon which the defendants communicated with him, and*

*the manner in which the communications were made.*

*The evidence in this case will show that the evidence in the possession of defendants both at the time of the initial denial of the claim and the subsequent re-denial were not supported by the medical evidence in the file. Moreover, the evidence in this case will show that defendants repeatedly claimed, both internally and in correspondence with Mr. Fisher, that his pre-existing condition involved an alleged injury having nothing to do with Mr. Fisher's October 13, 2003 injury and which allege injury was never sustained by Mr. Fisher. The documents produced by defendants demonstrate that they failed to adequately investigate the plaintiffs' claim and denied the claim on grounds not supported by the record. Plaintiff directs defendants to, and incorporates by reference, the reports prepared by Jack Lane and Dr. Wood which were attached to plaintiff's expert disclosure. Defendants never offered to pay to Mr. Fisher the benefits due him under the plan and instead closed its file. His coverage was later terminated for non-payment of premium, despite a premium waiver provision in the policy. To this date they have failed even to offer to pay him the benefits due under the policy.*

*Defendants' violations of their statutory and regulatory obligations extend past the filing of this lawsuit. Defendants removed the action to federal court based on the false allegation that plaintiff sought to recover "under the terms of a certain group long term disability insurance policy which was established or maintained by his employer, thereby being an employee welfare benefit plan subject to and administered in accordance with the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq." Defendants further asserted in filings with the Court that ERISA governed the plaintiff's claim for benefits and convinced the court to stay discovery on all issues except the issue of whether ERISA applied. Despite their assertions and their effort to limit discovery to the applicability of ERISA, defendants failed to respond to discovery directed to that issue. Only after plaintiff sought summary judgment on the issue did defendants stipulate that ERISA was inapplicable to plaintiff's claims.*

*In connection with the defendants' opposition to plaintiff's motion to remand, defendants submitted an affidavit purporting to evaluate the monetary value of plaintiff's claim. The affidavit submitted by the defendants opined that Mr. Fisher would be entitled to $11,316.66 in disability benefits in the event he prevailed on his claim that the defendants wrongfully denied his claim for benefits. Despite this submission by the defendants, they have never offered to pay Mr. Fisher that sum and, instead, have offered less than that amount to settle all claims.*

*In addition, defendants have misrepresented the amount of coverage available under the policy. For example, defendants have argued that "certain deductible sources of income" may be deducted from the Plaintiff's monthly disability*

*benefits under the policy." This statement is inaccurate. Defendants already calculated Mr. Fisher's monthly disability benefit and concluded it was $1,000. Defendants paid Mr. Fisher in accordance with that calculation based on their false conclusion his total disability was caused or contributed to by a pre-existing condition.*

*Plaintiff presented a properly documented disability claim to defendants. Defendants wrongly denied the claim on multiple occasions. Defendants' claim file contains facts that will be utilized, including the nature and extent (or lack thereof) of defendants' investigation. Defendants failed to properly and timely respond to their policyholder. Defendants denied the claim upon false medical grounds, failed to properly investigate the claim and repeatedly failed to reconsider their decision. The actions of the defendants continue to the current time. There was not sufficient information in the claim file to deny the claim. The defendants also misrepresented and continue to misrepresent the amount of coverage, and the nature of the coverage pursuant to their assertion that ERISA law applied.*

A review of the Plaintiff's response indicates that he has provided all the information that is available to him at the current time. Once additional information is available, Plaintiff is required to timely supplement his response.

Therefore, Defendants' Motion to Compel responses to I 2 is **DENIED**.

III.     **INTERROGATORY NO. 3**:  If you contend that the violation or violations of the statutes and regulations set forth in your answers to Interrogatory Nos. 1 and 2 entailed a general business practice on the part of either defendant, please indicate all facts which you believe support your contention, including where such violations occurred and the dates thereof.

*Objection. Plaintiff objects to this interrogatory on the ground that it is premature and further objects that the interrogatory seeks to inquire into the thought process of counsel with respect to the defendants' conduct.*

Counsel for Defendants advised this Court during the evidentiary hearing that Plaintiff submitted his second supplemental discovery response on March 2, 2006. Plaintiff's response is as follows:

*Plaintiff's prior objections and response are fully incorporated. Plaintiff states that he has no personal knowledge of the statute and/or regulations which are or may be applicable to the defendants. Plaintiff is informed and therefore believes that the following is a non-exhaustive list, to be supplemented as appropriate, of the facts which support the contention that the statutory and regulatory violations of the defendants were part of a general business practice.*

*Defendants have admitted that DRMS considered and reviewed Mr. Fisher's claim for disability benefits in accordance with its guidelines, policies and procedures. Given defendants' admission regarding the manner in which this claim was handled, a jury could reasonable conclude that their handling of this claim was consistent with their general business practices. As set forth above, the consideration and review given to Mr. Fisher's claim for disability benefits violated numerous statutes and regulations. The jury could therefore reasonable conclude that the defendants' violations in this case are in accordance with their general business practices.*

*In addition, defendants violated the sections of West Virginia Code and State Regulations noted in Interrogatory No. 1 on multiple occasions during the handling of this claim, reflecting a general business practice under West Virginia law.*

*Plaintiff also incorporates by reference the report of Jack Lane.*

A review of the Plaintiff's response indicates that he has provided all the information that is available to him at the current time. Once additional information is available, Plaintiff is required to timely supplement his response.

Therefore, Defendants' Motion to Compel responses to I 3 is **DENIED**.


IV.     **INTERROGATORY NO. 5**:  If you received Workers' Compensation benefits as a result of your injury on or about October 13, 2003, please describe the benefits which you received, the amounts thereof, and the dates when such amounts were received.

*Objection, seeks collateral source information; irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.*

The "collateral source rule" prevents the defendant from claiming an offset from compensation already received by the plaintiff from a different source when this source is

collateral to the defendant. See United States v. Price, 288 F.2d 448, 449 (4th Cir. 1961).

Because of the express limitation carved out of Plaintiff's policy, which requires a reduction in

benefits for amounts paid by workers' compensation, the Court finds that the collateral source

rule does not apply to this issue.

Therefore, Defendants' Motion to Compel responses to I 5 is **GRANTED**.


V.     **INTERROGATORY NO. 6**: If you received Workers' Compensation temporary
total disability benefits as the result of your injury on or about October 13, 2003,
please list the dates upon which you received such temporary total disability
benefits and the amount of each payment of temporary total disability benefits
which you received.

*Objection, seeks collateral source information; irrelevant and not reasonably
calculated to lead to the discovery of admissible evidence.*

Because of the express limitation carved out of Plaintiff's policy, which requires a

reduction in benefits for amounts paid by workers' compensation, the Court finds that the

collateral source rule does not apply to this issue.

Therefore, Defendants' Motion to Compel responses to I 6 is **GRANTED**.


VI.    **INTERROGATORY NO. 7**:  Please indicate all monies which you received
from any source from October 1, 2003 through December 31, 2004, the sources of
such monies, and the reasons why such monies were paid to you.

*Objection, seeks collateral source information; irrelevant and not reasonably
calculated to lead to the discovery of admissible evidence.*

Because Plaintiff's policy requires that certain "deductible sources of income" may be

subtracted from Plaintiff's monthly disability benefits under the policy, Plaintiff is directed to

indicate all monies received from any source listed  in the Certificate of Insurance (the

"deductible sources of income" provisions on pages 7 through 9).

Therefore, Defendants' Motion to Compel responses to I 7 is GRANTED IN PART.

VII.     **<u>INTERROGATORY NO. 10</u>**: Please identify all witnesses that you intend to call at the trial of this civil action, and provide a summary of the testimony that you expect such witnesses to provide.

> *Trial preparations are as yet incomplete. This answer will be supplemented as required. It is anticipated, however, that the plaintiff will call one or more representatives of Baltimore Life Insurance Company and Disability Reinsurance Management Services, Inc.; Dr. Joseph Imbriglia; Dr. Clark Milton; the plaintiff; and potentially persons whose identities have been disclosed in this case; and possibly others.*

Answers to interrogatories should be in such form that they may be used upon at a trial.

See <u>J.J. Delaney Carpet Co.v. Forrest Mill, Inc.</u>, 34 FRD 152, 153 (S.D.N.Y. 1963) (holding that incorporation by reference of portions of a deposition of a witness or of allegation of a pleading is not a responsive answer). "[A party] cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the caviler assertion that required information can be found in this massive amount of material. Rather [a party] must state specifically and identify precisely which documents will provide the desired information."

<u>Martin v. Easton Pub. Co.</u>, 85 F.R.D. 312, 315 (E.D. Pa. 1980). Furthermore, ". . . [T]he point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case. Documents and testimony are not infrequently subject to varying interpretations and therefore simply referring defendant to whatever it might find therein does not comply with the court's order . . ." <u>Life Music, Inc. v. Broad. Music, Inc</u>., 41 F.R.D. 16, 26 (S.D.N.Y. 1966). Plaintiff must state the name and address of every person who, based upon his or his attorney's knowledge or information, may be a possible witness. Plaintiff is not required to provide a summary of the testimony of such witnesses.

Therefore, Defendants' Motion to Compel as to this issue is **GRANTED IN PART**.


VIII.   **REQUEST NO. 9**:  Please provide a copy of the complete Workers'
        Compensation files for all Workers' Compensation claims made by you from
        1998 to the present.

        *Objection, irrelevant and not reasonably calculated to lead to the discovery of*
        *admissible evidence, and seeks collateral source information.  Without waiving*
        *the objection, I do not have a complete copy of any Workers' Comp claim files as*
        *requested herein.*

Plaintiff stated that he does not have any documents in response to this request.

Although Plaintiff's response is sufficient, Plaintiff is directed to provide authorizations, which

would allow Defendants to obtain Plaintiff's records from Workers' Compensation.

Therefore, Defendants' Motion to Compel as to this issue is **GRANTED IN PART**.


IX.     **REQUEST NO. 10**:  Please produce a copy of any document evidencing or
        relating to any Workers' Compensation benefits which you received regarding
        your October 13, 2003 injury.

        *Objection, irrelevant and not reasonably calculated to lead to the discovery of*
        *admissible evidence, and seeks collateral source information.*

Defendants' Motion to Compel as to this issue is **GRANTED**.

X.      **REQUEST NO 13**:  Please produce copies of your federal income tax returns
        from 1993 to the present.

        *Objection as to producing income tax returns as they are not relevant and not*
        *reasonably calculated to lead to the discovery of admissible evidence as related*
        *to this 2003 disability insurance matter.*

Counsel for Defendants advised this Court during the evidentiary hearing that Plaintiff

submitted his second supplemental discovery response on March 2, 2006.   Counsel for

Defendants further advised Plaintiff has satisfactorily responded to this discovery request.

Therefore, Defendants' Motion to Compel as to this issue is **DENIED AS MOOT**.

16

XI.     **REQUEST NO. 15**: If you have had a disability insurance policy with any
        insurance company other than defendant Baltimore Life Insurance Company at
        any time from January 1, 2000 to the present, please produce a copy of the
        disability insurance policy, including the application therefor and the most recent
        premium notice.

        *Objection, irrelevant and not reasonably calculated to lead to the discovery of
        admissible evidence, and seeks collateral source information.*

Counsel for Defendants advised this Court during the evidentiary hearing that Plaintiff

submitted his second supplemental discovery response on March 2, 2006.  Plaintiff's response is

as follows:

        *Plaintiff incorporates and does not waive his prior objection.  Plaintiff continues
        to object to policies other than those that existed in October of 2003.  In this
        regard, plaintiff maintained a credit/life disability policy on a vehicle loan with
        Lyndon Life Insurance Company/Protective Life.  This policy was not paid for by
        my employer.  With regard to this policy attached are:*

        I.      *The policy (policy # 23401-cert. #YWV116069);*
        II.     *Disability claim form;*
        III.    *An attending physicians' report;*
        IV.     *A stub or receipt for one of the payments; and*
        V.      *A November 6, 2003 letter.*

        *These represent all of the documents that plaintiff can currently locate
        concerning this policy.  The insurer paid my disability claim on the vehicle loan
        without denial and without dispute.  There are no premium notices as this was a
        ore-paid policy.*

        *Plaintiff did maintain a disability policy in 2001 for a different auto loan.
        Objection to producing anything related to that policy as the same is not relevant
        to the issues in the current litigation, nor could it lead to the discovery of
        admissible evidence.*

One of the questions in the litigation is whether Plaintiff is disabled under the policy. All

of the information requested by Defendant is relevant to this determination.

Therefore, Defendants' Motion to Compel as to this issue is **GRANTED**.

XII.    **REQUEST NO. 16**: If you have had a disability insurance policy as described in

Request No. 15, and have made a claim for disability benefits from January 1, 2000 to the present, please provide any claim forms which you submitted and all correspondence related to such claims.

*See No. 15 above.*

Defendants' Motion to Compel as to this issue is **GRANTED**.

XIII.     <u>**REQUEST NO. 20**</u>:  Please produce copies of any documents which you believe embody or evidence any liability of Baltimore Life Insurance Company or Disability Reinsurance Management Services, Inc., for the matters complained of in your Complaint.

*Objection, discovery is ongoing and the request is premature.  Without waiving and subject to the objections, see prior productions and attached documents and defendants' productions.*

Plaintiff must state specific reasons for the objections to the interrogatory and request for documents.  <u>Momath v. Albert Einstein Medical Center</u>, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (holding that "mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice") (quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)).  Plaintiff has failed to provide specific reasons for his objection in his response to the specific request.

Therefore, Defendants' Motion to Compel as to this issue is **GRANTED** because Plaintiff's objections to the discovery are insufficient.

XIV.     <u>**REQUEST NO. 21**</u>:  Please produce all documents evidencing or relating to any claim for damages that you have against defendant Baltimore Life Insurance Company and defendant Disability Reinsurance Management Services, Inc.

*Objection, discovery is ongoing and the request is premature.  Without waiving and subject to the objections, see prior productions and attached documents and defendants' productions.  Additional damage information is subject to further discovery.*

Plaintiff's response is insufficient.  Plaintiff must produce all documents, which evidence

18

or relate to any item of claimed damages.

Therefore, Defendants' Motion to Compel as to this issue is **GRANTED**.

XV.    **REQUEST NO. 22**: Please produce copies of all exhibits which you intend to introduce into evidence at the trial of this civil action.

> *Trial preparations are as yet incomplete. This answer will be supplemented as required at a later date. It is anticipated, however, that plaintiff will use copies of his medical records, copies of the disability claim file, documents produced by plaintiff or defendant herein, and possibly other documents at the trial of this matter.*

Pursuant to Judge Stamp's scheduling order, the parties are directed to file their list of proposed exhibits on or before July 17, 2006. While it would be to their benefit to receive the trial exhibits before the July 17th deadline, Plaintiff is not required to forward the exhibits he plans to use to the Defendants prior to this pretrial disclosure deadline if he does not know what exhibits he will use at the time responses are due.

Therefore, Defendants' Motion to Compel as to this issue is **DENIED**.

**2.**    **Defendants' Motion to Determine the Sufficiency of the Plaintiff's Answers and Objections to Defendants' Request for Admissions.**

General objections to requests for admission are prohibited. Fed. R. Civ. P. 36(a). In this case, Plaintiff's responses to Defendants' requests are general objections, which are prohibited by Fed. R. Civ. P. Accordingly, the Court finds as follows: (Defendants' requests are as follows with the responses in italics):

I.    **REQUEST NO. 1**: Admit that at the time of the defendants filed the Notice of Removal in this civil action, you believed that the matter in controversy in this civil action exceeded the sum or value of $75,000.00, exclusive of interest and costs.

> *Objection, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. May seek work-product and/or attorney-*

*client protected information. Subject to and without waiving the foregoing objection, it is denied, in that plaintiff held no such opinion at the time the case was removed.*

Plaintiff's response does not "meet the substance of the requested admission." Fed. R. Civ. P. 36(a). Therefore, Defendants' motion is **GRANTED** as to this issue.

II.     **REQUEST NO. 2**:  Admit that at the time the Notice of Removal was filed by the defendants in this civil action, you believed that if you could prove all of the claims asserted in your Complain at the trial of this civil action, you expected that the jury's verdict would exceed $75,000 exclusive of any interest and costs.

*Objection, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. May seek work-product and/or attorney-client protected information. Subject to and without waiving the foregoing objection it is denied, in that plaintiff held no such opinion at the time the case was filed.*

Plaintiff's response does not "meet the substance of the requested admission." Fed. R. Civ. P. 36(a). Therefore, Defendants' motion is **GRANTED** as to this issue.

III.     **REQUEST NO. 3**:  Admit that at the time the Notice of Removal was filed by the defendants in this civil action, you would not have accepted less than $75,001 in settlement of the claims set forth in your Complaint from the defendants, or either of them.

*Objection, seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. May seek work-product and/or attorney-client protected information. Calls for speculation.*

Plaintiff's response does not "meet the substance of the requested admission." Fed. R. Civ. P. 36(a). Therefore, Defendants' motion is **GRANTED** as to this issue.

IV.     **REQUEST NO. 4**:  Admit that at the time the Notice of Removal was filed by the defendants in this civil action, you had not made a settlement demand in any amount to the defendant, or either of them.

*Prior to the time of the Notice of Removal was filed, plaintiff had presented a*

*claim for short-term disability benefits to the defendants which benefits totaled
approximately $1,000.00 per month for 12 months.  That claim was denied by the
defendants. Plaintiff admits that he did not make a "settlement demand" on the
defendant, or either of them, between the filing of this instant action and the
defendants' filing of the Notice of Removal.*

Plaintiff's response does not "meet the substance of the requested admission."  Fed. R.

Civ. P. 36(a).  Therefore, Defendants' motion is **GRANTED** as to this issue.


V.    **REQUEST NO. 5**:  Admit that at the time that the Notice of Removal was filed
by the defendants in this civil action, you would not have agreed to stipulate that
you would neither seek damages nor execute on any judgment rendered on your
favor against the defendants, or either of them, for any amount exceeding
$75,000, exclusive of interest and costs.

*Objection, seeks information neither relevant not reasonably calculated to lead to
the discovery of admissible evidence.  May seek work-product and/or attorney-
client protected information.  Calls for speculation.*

Plaintiff's response does not "meet the substance of the requested admission."  Fed. R.

Civ. P. 36(a).  Therefore, Defendants' motion is **GRANTED** as to this issue.


VI.   **REQUEST NO. 6**:  Admit that at the time of the filing of the Notice of Removal
by the defendants in this civil action, you would not have been willing to stipulate
that you would agree not to accept more than $75,000, exclusive of interest and
costs, in satisfaction of the claims asserted in your Complaint.

*Objection, seeks information neither relevant nor reasonably calculated to lead to
the discovery of admissible evidence.  May seek work-product and/or attorney-
client protected information.  Calls for speculation.*

Plaintiff's response does not "meet the substance of the requested admission."  Fed. R.

Civ. P. 36(a).  Therefore, Defendants' motion is **GRANTED** as to this issue.


## IV.  Decision

It is ORDERED that:

1.      Defendants' Motion to Compel is **GRANTED in part** and **DENIED in part** as hereinafter set forth; and

2.      Defendants' Motion to Determine the Sufficiency of the Plaintiff's Answers and Objections to Defendants' Request for Admission is **GRANTED.**  Plaintiff is directed to file his amended answers within ten (10) days of the date of this Order.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: March 31, 2006

/s/ James E. Seibert
JAMES E.  SEIBERT
UNITED STATES MAGISTRATE JUDGE