IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY FISHER,

    Plaintiff,

v.                                               Civil Action No. 5:04CV137
                                                              (STAMP)

BALTIMORE LIFE INSURANCE COMPANY
and DISABILITY REINSURANCE
MANAGEMENT SERVICES, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
FOR LACK OF REQUISITE AMOUNT IN CONTROVERSY,
AND DENYING WITHOUT PREJUDICE
THE PARTIES' AGREED PROTECTIVE ORDER,
BALTIMORE LIFE INSURANCE COMPANY'S MOTION TO DISMISS,
AND THE PARTIES' AGREED STIPULATION**

I.    Procedural History

On November 19, 2004, the plaintiff, Roy Fisher ("Fisher"), filed a complaint in the Circuit Court of Marshall County, West Virginia against defendants, Baltimore Life Insurance Company ("BLIC") and Disability Reinsurance Management Services, Inc., alleging violations of the implied covenant of good faith and fair dealing and the West Virginia Unfair Trade Practices Act, West Virginia Code § 33-11-4, arising out of the defendants' failure to pay the plaintiff benefits under a disability insurance policy. On December 16, 2004, the defendants in the above-styled civil action filed a notice of removal pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. On August 11, 2005, the parties filed a stipulation

stating that the Employee Retirement Income Security Act ("ERISA") does not apply to this civil action. On November 23, 2005, BLIC filed a motion to dismiss, to which the plaintiff responded and BLIC replied. On December 2, 2005, the plaintiff filed a motion to remand, to which the defendants responded and plaintiff replied.

On February 17, 2006, the defendants filed a motion to compel interrogatory responses and a motion to compel and to determine the sufficiency of plaintiff's answers and objections to defendants' request for admissions. The plaintiff filed responses to both of the motions to compel and the defendants replied. This Court referred the motions to United States Magistrate Judge James E. Seibert. On March 31, 2006, the magistrate judge entered a memorandum opinion and order granting in part and denying in part defendants' motion to compel and granting defendants' motion to compel and to determine the sufficiency of plaintiff's answers and objection to defendants' request for admissions. On April 17, 2006, the plaintiff filed objections to the magistrate judge's memorandum opinion and order and the defendants responded.

The parties also submitted an agreed protective order and an agreed stipulation and order regarding depositions to be entered by this Court.

For the reasons set forth below, this Court finds that plaintiff's motion for remand should be granted. Because this Court finds it lacks subject matter jurisdiction over this action,

2

this Court declines to rule on the parties' agreed protective order, BLIC's motion to dismiss, the plaintiff's objections to the magistrate judge's order and the parties' agreed stipulation regarding depositions.

## II. Applicable Law

Removal of a state action to federal court is proper only where the federal court can exercise original jurisdiction over the matter at the time the petition for removal was filed. 28 U.S.C. § 1441; see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The burden of establishing each element required for federal jurisdiction is placed upon the party seeking removal, and jurisdiction is strictly construed. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); see also 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998). With regard to the amount in controversy, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . ." Sayre v. Potts, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999). Accordingly, "a defendant must offer more than

a bare allegation that the amount in controversy exceeds $75,000." Id. at 888.

This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." DeAquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). This burden of proof requires the defendant to produce evidence that establishes that the actual amount in controversy exceeds $75,000.00. See id.

Although courts strictly construe removal jurisdiction, see Mulcahey, 29 F.3d 151, the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994). Nevertheless, unless provided with a reason, a court should not assume that a plaintiff's attorney has represented falsely, or did not appreciate, the value of his or her client's case. See id.

### III. Discussion

In his motion to remand, the plaintiff argues that: (1) the defendants failed to meet their burden of proof in the notice of removal; and (2) while the plaintiff does not deny that diversity exists, he argues that the defendants have offered no evidence

4

showing that the jurisdictional amount has been satisfied.[1] Specifically, the plaintiff argues that removal cannot be based upon mere speculation, but must be grounded in some form of competent proof. In response, the defendants assert that the amount in controversy exceeds the jurisdictional amount based on the plaintiff's claims for damages. Moreover, the defendants assert that post-removal affidavits may be considered where the jurisdictional amount in question is unresolved. The defendants purport that affidavits are not considered a post-removal event because the court is still examining the jurisdictional facts as of the time the case is removed but the court is still considering information submitted after removal. <u>Blaylock v. Mutual of New York Life Ins. Co.</u>, 228 F. Supp. 2d 778, 783-4 (S.D. Miss. 2002). The defendants attach the affidavit of Jeffrey V. Mehalic ("Mehalic"), an attorney in West Virginia who asserts that he has represented plaintiffs in "dozens of bad faith cases," to establish that the jurisdiction amount is satisfied in this civil action. (Defs.' Reply at ¶ E1.) In reply, the plaintiff asserts that there is no way that the defendants can meet their burden of proof using the Mehalic affidavit.

---

[1] The plaintiff's assertion that this Court lacks jurisdiction because this action does not involve a federal question is not an issue because on August 11, 2005, the parties have stipulated that ERISA does not apply in the above-styled civil action.

A.  Notice of Removal Requirements

Under 28 U.S.C. § 1446(a), a defendant shall file a notice of removal "containing a short and plain statement of the grounds for removal . . . ."

The plaintiff argues that the defendants' grounds for removal based upon diversity jurisdiction must fail because the defendants have "failed to offer any statement in their Notice Of Removal which would meet their burden of showing that the amount in controversy exceeded the jurisdictional minimum." (Pl.'s Mot. Remand at 2.) The defendants argue that they have meet the requirements of § 1446(a) in their notice of removal. This Court agrees with the defendants' argument and finds that the notice of removal sets forth a "short and plain" statement of the grounds for removal. 28 U.S.C. § 1446(a).

B.  Jurisdictional Amount Requirement

Since the notice of removal properly sets forth the grounds for removal, this Court will discuss whether the defendants have met their burden of proof that the requisite jurisdictional amount exists.

The defendants assert that they have meet their burden of proof based upon plaintiffs's request for disability benefits, attorney's fees, compensatory damages and punitive damages. The plaintiff's complaint does not set forth a specific monetary sum or itemize any special damages in the demand for judgment. Thus, this

Court must analyze the record to determine whether this case meets the amount in controversy requirement.

This Court finds that the defendants have not met their burden of showing that the amount in controversy exceeds $75,000.00. The defendants' calculations fall short of demonstrating a factual basis for the requisite jurisdictional amount.

First, there is no dispute that the claim for disability benefits would be in the amount of $11,316.66. While this claim is not dispositive of the value of this civil action, it does provide some indicia as to the amount of damages involved, which is a long way from the $75,000.00 jurisdictional minimum.

Second, the plaintiff's complaint seeks attorney's fees incurred in pursuing the plaintiff's benefits under his disability insurance policy. Under the rule set forth in <u>Jenkins v. J.C. Penney Casualty Insurance Company</u>, 280 S.E.2d 252 (1981), attorney's fees are possible for a violation of the West Virginia Unfair Trade Practices Act. Assuming attorney's fees alone could constitute at least one-third of the amount of the disability benefits, in this case $11,316.66, attorney's fees could amount to approximately $3,734.50. Including attorney's fees, damages could amount to approximately $15,051.16, which still does not come close to meeting the jurisdictional minimum amount in controversy. Further, it must be noted that this amount is more than the

defendants' settlement offer of $10,000.00, which the plaintiff asserts the defendants offered in July 2005.

Third, the plaintiff seeks punitive damages for violations of the implied covenant of good faith and fair dealing as well as for violations of the West Virginia Unfair Trade Practices Act. In addition, the plaintiff seeks damages for annoyance and aggravation caused by the defendants' delay in settlement, to which the plaintiff is entitled if he prevails under Hayseeds, Inc. v State Farm Fire & Cas., 352 S.E.2d 73 (W. Va. 1986).

The defendants also provide newspaper articles written about two cases, Kocher v. Oxford and Ketterman v. Peoples Security Life Insurance Company, as evidence of the jury verdicts in West Virginia cases involving Hayseeds bad faith claims. This Court finds unpersuasive the defendants' argument that the discussion of jury verdicts appearing in the *Charleston Gazette* are evidence of jury verdicts in West Virginia. The first case cited by the defendants, Kocher v. Oxford Life Insurance Company, 602 S.E.2d 499 (W. Va. 2004), involved a "sophisticated corporation" who "deliberately lied to a litigant for the purpose of contacting the litigant without his counsel's knowledge, and improperly sought to influence the litigant to settle the case" in violation of Rule 4.2 of the Rules of Professional Conduct. Id. at 502. The jury awarded the plaintiff over $5,000,000.00 in compensatory damages and $34,000,000.00 in punitive damages.

8

The second case cited by the defendants, <u>Ketterman v. Peoples Security Life Insurance Company</u>, involved egregious violations of forgery and intentional wrongful overcharges. (Defs.' Resp. Ex. 3) <u>Ketterman</u> involved what was "believed to be" the largest punitive damage award in West Virginia. <u>Id.</u> Neither case is based upon facts similar to this case. In the present civil action, the defendants have provided no evidence of egregious violations that would lead to a jury verdict of such proportions. The defendants even state that they "do not suggest, hint or imply any unethical conduct on the part of Fisher (or his counsel)." (Defs.' Resp. at 18.)

West Virginia law supports an award of punitive damages, if the plaintiff is able to show that the defendants "actually knew that [the plaintiff's] claim was proper, but willfully, maliciously and intentionally denied the claim." <u>Hayseeds</u>, 352 S.E.2d at 80. As stated in <u>Landmark Corporation v. Opogee Coal Company</u>, 945 F. Supp. 932, 938 (S.D. W. Va. 1996), the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction.

This Court finds that the defendants at this point have not demonstrated to any degree that their conduct was malicious, willful and intentional. Accordingly, potential punitive damages remain too speculative at this point to raise the amount in controversy to the jurisdictional minimum.

Moreover, this Court rejects the defendants' argument that an affidavit,- of the type submitted in this civil action can establish that the amount of damages satisfies the defendants' burden of proof.

The defendants argue that an affidavit from Jeffrey Mehalic, an attorney in West Virginia, is evidence that the amount in controversy in this civil action exceeds the sum of $75,000.00. The defendants assert that affidavits, such as Attorney Mehalic's, can be used as evidence for determining the amount in controversy. See McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 493 (S.D. W. Va. 2001); White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25 (S.D. W. Va. 1994). Attorney Mehalic's affidavit states that if the plaintiff "prevails at trial, a jury would award damages to him for the alleged net economic loss, annoyance and inconvenience in an amount ranging from $30,000.00 to $100,000.00." (Defs.' Resp. Ex. 1 ¶ 8.) Further, Attorney Mehalic concluded that if punitive damages were awarded by the jury to the plaintiff, the punitive damages would range from "$50,000.00 to $500,000.00." (Defs.' Resp. Ex. 1.)

As stated in White, 861 F. Supp. at 27, "a court *may* consider, in addition to plaintiff's Complaint, the removal petition and an affidavit . . . that the threshold amount is present" (emphasis added). While this Court may consider Attorney Mehalic's affidavit, common sense dictates that Attorney Mehalic's affidavit,

without more, is insufficient to meet the defendants' burden that the requisite amount in controversy is satisfied.

Accordingly, the plaintiff's motion to remand must be granted at this time. Because this Court finds that it does not have subject matter jurisdiction over this action, it declines to rule on the parties' proposed protective order, BLIC's motion to dismiss and the parties' agreed stipulation and order regarding depositions and finds the motions must be denied without prejudice to be refiled in state court at the discretion of the litigants. In addition, this Court declines to rule on the plaintiff's objections to the magistrate judge's order.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED, the parties' agreed protective order is DENIED WITHOUT PREJUDICE, Baltimore Life Insurance Company's motion to dismiss is DENIED WITHOUT PREJUDICE, and the parties' agreed stipulation and order regarding depositions is DENIED WITHOUT PREJUDICE. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

DATED:   May 9, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE